Filed 12/6/24  P. v. Martinez CA2/8

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION EIGHT

| | |
|---|---|
| THE PEOPLE, | B333687 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. MA055871-01) |
| v. | |
| MELISSA MARTINEZ, | |
| Defendant and Appellant. | |

APPEAL from an order of the Superior Court of Los Angeles County, David Walgren, Judge.  Reversed.

Sabrina R. Damast, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Assistant Attorney General, Steven E. Mercer and Noah P. Hill, Deputy Attorneys General for Plaintiff and Respondent.

————————————————

Melissa Martinez appeals an order denying a request by the Secretary of the California Department of Corrections and Rehabilitation under former Penal Code section 1170, subdivision (d)(1)[1] to recall her sentence. We reverse.

## BACKGROUND

In 2013, Martinez pleaded no contest to kidnapping and admitted an enhancement that she personally used a firearm. (§§ 207, subd. (a) & 12022.53, subd. (b).) The trial court sentenced her to 18 years in prison. On the same day, in a separate criminal case, appellant was sentenced to two years eight months for kidnapping and robbery to run concurrent with the 18-year sentence.

On March 3, 2021, the Secretary of the California Department of Corrections and Rehabilitation (CDCR) contacted the court and recommended that Martinez's sentence be recalled and she be resentenced pursuant to former section 1170, subdivision (d). CDCR noted that after Martinez was sentenced, the Legislature amended the firearm enhancement statute so that the court could, in its discretion, strike or dismiss the enhancement in the interest of justice. CDCR also advised the court of Martinez's considerable efforts at rehabilitation.

On April 21, 2021, the trial court summarily denied the request to recall the sentence, finding it would not be in the interest of justice to resentence Martinez. The court commented on the violent nature of the crimes and the extreme danger in which Martinez had placed the multiple victims in both cases. The trial court also observed that the CDCR letter did not cite

---

[1]     Undesignated statutory references are to the Penal Code.

any reason why resentencing would be in the interest of justice. This appeal followed.

## DISCUSSION

We review the trial court's decision whether to recall a defendant's sentence for abuse of discretion. (*People v. E.M.* (2022) 85 Cal.App.5th 1075, 1082.) We review questions of statutory interpretation de novo. (*Ibid.*)

Both Martinez and the People agree that the matter must be remanded to the court to reconsider the recall request because of intervening legislation that changed the recall-and-resentencing statute. The recall statute at the time of the trial court's ruling provided that CDCR may file a request for resentencing to eliminate disparity of sentences and to promote uniformity of sentencing. In considering the request, the court "may consider postconviction factors, including, but not limited to, the inmate's disciplinary record and record of rehabilitation while incarnated, evidence that reflects either age, time served, and diminished physical condition, if any, have reduced the inmate's risk for future violence, and evidence that reflects that circumstances have changed since the inmate's original sentencing so that the inmate's continued incarceration is no longer in the interest of justice." (Former § 1170, subd. (d)(1); Stats. 2018, ch. 36, § 17.)

Effective January 1, 2022, Assembly Bill No. 1540 (2021–2022 Reg. Sess.) moved the recall-and-resentencing provision of former section 1170, subdivision (d)(1) to a new section, 1170.03, and revised the terms of that provision. (Stats. 2021, ch. 719, § 2; Stats. 2021, ch. 719, § 3.) Then, effective June 30, 2022, section 1170.03 was renumbered as section 1172.1. (Stats. 2022, ch. 58, § 9.)

The new terms require the trial court to "apply any changes in law that reduce sentences or provide for judicial discretion" (§ 1172.1, subd. (a)(2)) when resentencing under the recall statute.  Among other things, it also requires a court to hold a hearing and state its reasons on the record for granting or denying recall.  (*Id.*, subd. (b)(1).)  And where, as here, the recall request is initiated by CDCR, the new statute requires notice and appointment of counsel, as well as a presumption in favor of recall that can be overcome only by a finding that the inmate is an unreasonable risk to public safety.  (*Id.*, subd. (b)(2).)

Here the trial court did not hold a hearing on the request for recall nor did it appoint counsel to assist Martinez in investigating and providing evidence on why granting the request would be in the interest of justice.  The sentencing court also did not have the benefit of the statutory presumption in favor of resentencing set out in section 1172, subdivision (b)(2).

Recent caselaw has held that where the challenged order in a pending appeal was issued before the statute was clarified, the appropriate resolution is to reverse and remand the matter for further proceedings in compliance with the amended legislation. (*People v. E.M., supra,* 85 Cal.App.5th at pp. 1089–1091; *People v. McMurray* (2022) 76 Cal.App.5th 1035, 1040–1041.)  We agree and do so now.

## DISPOSITION

The order denying recall and resentencing under section 1172.1 is reversed with directions to the trial court to reconsider the request and follow the procedures of the newly amended statute.

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

STRATTON, P. J.

We concur:

GRIMES, J.

WILEY, J.

5